**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-4057**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC MATTHEW GLASS,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:21-cr-00002-JPJ-PMS-3)

———————————

Submitted:  March 8, 2023                    Decided:  March 24, 2023

———————————

Before WILKINSON and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Dana R. Cormier, DANA R. CORMIER, PLC, Staunton, Virginia, for Appellant.   Christopher R. Kavanaugh, United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Matthew Glass pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. The district court sentenced Glass to 168 months' imprisonment. On appeal, Glass challenges the district court's application of the leadership role enhancement pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c) (2021). We affirm.

"In reviewing whether a sentencing court properly calculated the [Sentencing] Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "We will conclude that the ruling of the district court is clearly erroneous only when, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted). The Government bears the burden of demonstrating that a sentencing enhancement should be applied, and the court determines whether the enhancement applies by a preponderance of the evidence. *Id.* at 414-15. "In conducting this review for clear error, we are not confined to the district court's analysis but may affirm the court's ruling on any evidence appearing in the record." *Id.* at 415.

Under the Guidelines, a district court should apply a two-level upward adjustment in offense level if the defendant was an organizer, leader, manager, or supervisor in criminal activity that did not involve five or more persons or was otherwise not extensive. USSG § 3B1.1(c). In determining whether to apply an enhancement in offense level for a defendant's leadership role, a court should consider: the defendant's exercise of

2

decision-making authority, the nature of his participation in the offense, recruitment of others, any claimed right to a larger share of the profits, the degree of participation in planning of the offense, the nature and scope of the offense, and the degree of control and authority exercised over others. *United States v. Agyekum*, 846 F.3d 744, 752 (4th Cir. 2017) (citing USSG § 3B1.1 cmt. n.4).  We have held that the leadership role enhancement applies only if the defendant managed or supervised at least one other participant in the criminal enterprise, rather than managing property. *Steffen*, 741 F.3d at 415.  We conclude that the district court did not clearly err in applying the leadership role enhancement because Glass facilitated the drug sales, reallocated an amount of methamphetamine to be sold from one customer to another, and directed his codefendant regarding payment to the drug suppliers.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3